IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HANNAH M. FERREIRA and JOHN R. FERREIRA,<br><br>             Plaintiffs,<br><br>  vs.<br><br>JOHN M. KERR, JR., aka "DUKIE" KERR, and PRISCILLA KERR,<br><br>             Defendants.<br>_____ | Civ. No. 05-00445 BMK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS

Before the Court is Defendants John M. Kerr, Jr. aka "Dukie" Kerr, and Priscilla Kerr's ("Defendants") Motion to Dismiss Complaint Filed July 21, 2005 and for Sanctions ("Motion"). The Motion was heard on February 16, 2006. After careful consideration of the Motion, supporting and opposing memoranda, and arguments of counsel, the Court hereby GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Request for Sanctions.

DISCUSSION

This case involves a dispute over ownership of twelve acres of land in Ahualoa in the County and State of Hawaii (the "Ahualoa Property"). Nancy

Notely Kerr ("Decedent"), who passed away on April 15, 2005, was the mother of Plaintiff Hannah M. Ferreira and Defendant John M. Kerr.  Plaintiffs Hannah M. Ferreira and John R. Ferreira ("Plaintiffs") are married and reside in a home located on the Ahualoa Property and Defendants John M. Kerr and Priscilla Kerr ("Defendants"), also married, reside in Oregon.

On July 21, 2005, Plaintiffs filed the instant lawsuit against Defendants seeking damages for a breach of contract and a breach of the implied covenant of good faith and fair dealing.  Plaintiffs seek a determination that Defendants be divested from ownership of the Ahualoa Property, a declaration that Defendants' interest is only for the amount of $24,000, or that the property be partioned.

On October 17, 2005, Defendants filed a Motion to Dismiss Complaint and for Sanctions.  Defendants claim that the Complaint should be dismissed on the grounds of a lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  Specifically, Defendants contend that the case involves probate issues to be determined by the Circuit Court of the Third Circuit of the State of Hawaii probate division.  On the other hand, Plaintiffs argue that because the Ahualoa Property is not part of

Nancy Notely Kerr's estate, no probate issues exist and thus the Court has jurisdiction.

## STANDARD OF REVIEW

A party filing a claim in federal court has the burden of proving that the Court has subject matter jurisdiction. <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996). A party moving to dismiss the case pursuant to FRCP 12(b)(1) may facially or factually attack the Court's subject matter jurisdiction. <u>Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). As in this case, where a defendant factually attacks the Court's subject matter jurisdiction, a defendant may "rely on affidavits or any other evidence properly before the Court." <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989). If a party factually attacks subject matter jurisdiction, then no presumptive truthfulness attaches to the factual allegations in the complaint. <u>Thornhill</u>, 594 F.2d at 733.

## DISCUSSION

The Court has jurisdiction over this case based on diversity. According to the probate exception however, a court sitting in diversity cannot decide cases which would require it to "interfere with the probate proceedings or

assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, 326 U.S. 490, 494 (1946).

The Ninth Circuit has adopted a two step analysis laid out by the Second Circuit in Moser v. Pollin, 294 F.3d 335, 340 (2d Cir. 2002) to determine the applicability of the probate exception. In re Marshall, 392 F.3d 1118, 1132 (9th Cir. 2004), rev'd on other grounds, 126 S. Ct. 1735 (2006). First, the Court must determine whether "the matter is purely probate in nature, in that the federal court is being asked directly to probate a will or administer an estate." Id. at 1133 (citing Moser, 294 F.3d at 294). Secondly, the Court must ask whether by exercising jurisdiction over the matter, the Court would: "(1) interfere with the probate proceedings; (2) assume general jurisdiction of the probate; or (3) assume control over property in custody of the state court." Id.

In In re Marshall, the Ninth Circuit broadly interpreted the probate exception to exclude federal court jurisdiction for "not only direct challenges to a will or trust, but also questions which would ordinarily be decided by a probate court in determining the validity of the decedent's estate planning instrument." In re Marshall, 392 F.3d at 1133. The Ninth Circuit further explained that the probate exception strips federal jurisdiction for any probate related matter including claims respecting "tax liability, debt, gift, [or] tort." Id. at 1136. The

court finally held that the probate exception reaches not only to direct challenges to a will or trust, but also encompasses other issues traditionally determined by probate court such as fraud, undue influence, and tortious interference. Id. at 1133.

On May 1, 2006, the United States Supreme Court reversed the Ninth Circuit's decision, holding that "the Ninth Circuit had no warrant from Congress, or from decisions of this Court, for its sweeping extension of the probate exception." In re Marshall, 126 S. Ct. at __. The Supreme Court held that because the underlying case did not involve the probate or annulment of a will, did not reach a res in custody of a state court, and no "sound policy considerations" militate extending the probate exception in this case, the district court had subject matter jurisdiction. Id. at __.

In this case, Plaintiffs seek a determination of the parties' interest in the Ahualoa Property. In determining this interest, Plaintiffs claim that a new will and other trust documents dated May 12, 1998, effectively revokes Decedent's prior will dated October 26, 1995 and names Plaintiff Hannah Ferreira as personal representative, trustee, and recipient of Decedent's remainder estate.

On the other hand, Defendants submitted an unsigned proposed order of formal probate which lists the will dated October 26, 1995, and a codicil dated October 27, 1997 as Nancy's last will and testament and appoints Defendant John Kerr as personal representative.  The proposed order also authorizes the personal representative to conduct informal discovery to determine the validity of the new will dated May 12, 1998, and issues of incompetency and/or impairment of Decedent, and undue influence.

In determining the parties' interest in the Ahualoa Property, the Court is asked to review conflicting will and trust documents.  In doing so, the Court is essentially determining which document represents Decedent's last will and testament or ascertaining the testamentary intent of Decedent.  Moreover, this determination could be in direct conflict with the probate court's decision.  Therefore, because determining the interest of the Ahualoa Property requires the Court to deal with issues normally resolved by a probate court and could potentially lead to conflicting results, the probate exception is applicable in this case.  Accordingly, the case is DISMISSED for a lack of subject matter jurisdiction.  The Court also DENIES Defendants' request for sanctions as the Court Finds the filing of the Complaint in this matter was not frivolous.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Request for Sanctions.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 23, 2006

Hannah Ferreira, et al. v. John M. Kerr, et al.; Civ. No. 05-00445 BMK; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS